1 ERIC P. ISRAEL (State Bar No. 132426)
  EPI@LNBYG.COM
2 LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
  2818 La Cienega Ave.
3 Los Angeles, California 90034
  Telephone: (310) 229-1234
4 Facsimile: (310) 229-1244

5 Attorneys for Plaintiff Carolyn A. Dye, Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>JAMES CAPITAL ADVISORS, INC.,<br><br>    Debtor. | Case No. 2:23-bk-14820-BB<br><br>Chapter 7 |
| CAROLYN A. DYE, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>RAM INVESTMENTS, LLC, a South Carolina limited liability company,; AND MARK S. RICHARDSON, an individual,<br><br>    Defendants. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT:**<br>**(1) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS,**<br>**(2) TO OBJECT TO CLAIM; AND**<br>**(3) FOR DECLARATORY RELIEF**<br><br>DATE:  See Summons<br>TIME:   See Summons<br>PLACE: See Summons |

     Plaintiff Carolyn A. Dye, the Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of James Capital Advisors, Inc. (the "Debtor"), alleges as follows:

1

**JURISDICTION**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502(d), 544, 547, 550 and 551. This adversary proceeding arises in and under, and relates to, the bankruptcy case under Chapter 7 of the United States Bankruptcy Code entitled *In re James Capital Advisors, Inc.,* Case No. 2:23-bk-14820-BB (the "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division. The claims are related to this bankruptcy case (Case No. 2:23-bk-14820-BB) because they arise under title 11, and the outcome of such claims for relief could have a significant effect on the Estate as each such claim for relief will impact the amount of money available for distribution to creditors.

2. In accordance with the requirements of Local Bankruptcy Rule 7008-1, this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), (K) and (O).

3. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4. The Court can and should enter a final judgment herein. If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration to the District Court. Defendants Mark S. Richardson ("Richardson") and RAM Investors, LLC ("RAM") are hereby notified that Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) require each defendant to plead whether each claim for relief asserted against such defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

**THE PARTIES**

5. Plaintiff is Carolyn A. Dye, who brings this adversary proceeding solely in her capacity as the Chapter 7 Trustee serving in the Bankruptcy Case. Plaintiff has standing to bring this adversary proceeding on behalf of the Estate as the duly appointed Chapter 7 trustee.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant RAM is a limited liability company operating under and by virtue of the laws of the State of

South Carolina. Plaintiff is further informed and believes, and based thereon alleges, that Richardson is the manager of RAM, and hence that RAM is an affiliate and insider of the Debtor under 11 U.S.C. §§ 101(2) and 101(31)(B).

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Richardson is the principal and managing member of RAM. Plaintiff is further informed and believes, and based thereon alleges, that Richardson is also a director of the Debtor and/or otherwise a person in control, and hence is an insider of the Debtor under 11 U.S.C. § 101(31)(B).

## GENERAL ALLEGATIONS

**Bankruptcy Background**

8. On July 31, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Bankruptcy Code (the "Code").

9. Carolyn A. Dye accepted appointment as the Chapter 7 trustee for the Estate and continues to serve in that capacity.

**The Subject Transfers**

10. Plaintiff is informed and believes, and based thereon alleges, that on or about September 14, 2018, RAM provided the Debtor with a Line of Credit facility in the sum of up to $2 million (the "Line of Credit").

11. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made payments to RAM within one year before the Petition Date on account of the Line of Credit and other obligations, including the following for a total of not less than $283,333.32 (collectively the "Subject Transfers"):

    a. $250,000 on or about September 16, 2022;

    b. $16,666.66 on or about July 5, 2023; and

    c. $16,666.66 on or about July 31, 2023 (the Petition Date).

**RAM's Proof of Claim**

12. On or about September 11, 2023, RAM filed a proof of claim against the Estate as a secured claim for $2,058,333.33, which was assigned claim no. 6 (the "RAM Proof of Claim").

3

According to the RAM Proof of Claim, RAM asserts a lien in "Assets of / shares in James Capital Advisors, Inc." and attaches a "Guarantee and Stock Pledge Agreement" and a "Revolving Line of Credit Agreement."

13. The Trustee is informed and believes, and based thereon alleges, that RAM never had, and never perfected, a lien against the Debtor's assets.

14. The Revolving Line of Credit Agreement attached to the RAM Proof of Claim includes at section 9 (p.3) an attorneys' fees clause as follows: "Borrower [the Debtor] agrees to pay all costs of collection incurred by reason of the default, including court costs and reasonable attorney's fees."

15. Plaintiff is informed and believes, and based thereon alleges, that under California law, an attorneys' fees clause triggers the ability of whichever side is the prevailing party to recover their attorneys' fees.

16. Plaintiff is entitled to recover her attorneys' fees from RAM in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (TO AVOID AND RECOVER PREFERENTIAL TRANSERS)
### (11 U.S.C. §§ 547 and 550)
### (Against both RAM and Richardson)

17. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, of this complaint as though fully set forth herein.

18. The Trustee has undertaken reasonable due diligence to investigate the merits of the preference claims for relief herein and known and reasonably knowable affirmative defenses, including without limitation review of the Debtor's books and records provided, review of the Debtor's bank statements and credit card statements, review of public records and an interview with the one of the Debtor's principals.

19. The Subject Transfers transferred interests of the Debtor in property to RAM as a creditor.

4

20. The Debtor made each of the Subject Transfers within one year of the Petition Date, and RAM was in insider of the Debtor at the time within the meaning of 11 U.S.C. § 101(31).

21. The Debtor made each of the Subject Transfers for or on account of an antecedent debt owed by the Debtor before each of the Subject Transfers was made.

22. The Debtor made each of the Subject Transfers at times when it was insolvent or became insolvent as a result of the Subject Transfers.

23. As a result of the Subject Transfers, RAM received more than it would have in this Chapter 7 case if the Subject Transfers had not been made because any distribution to RAM from the Estate would have been much less than the amount of the Subject Transfers.

24. Plaintiff is informed and believes, and based thereon alleges, that RAM is the initial transferee of the Subject Transfers.

25. Plaintiff is informed and believes, and based thereon alleges, that Richardson is a party who benefitted from the Subject Transfers, among other reasons, but virtue of his ownership of and relationship with RAM.

26. Pursuant to 11 U.S.C. § 547, the Trustee may avoid the Subject Transfers from RAM and is entitled to an order and judgment under 11 U.S.C. § 547 that the Subject Transfers are avoided.

27. Pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order and judgment recovering not less than $283,333.32, plus interest thereon from the dates of the respective Subject Transfers, from RAM as the initial transferee and from Richardson as a party who benefitted from the Subject Transfers, jointly and severally.

### SECOND CLAIM FOR RELIEF
### (TO OBJECT TO PROOF OF CLAIM)
### (11 U.S.C. § 502(d)) –
### (Against RAM Only)

28. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, of this complaint as though fully set forth

5

1 herein.

2     29.    Plaintiff is informed and believes, and based thereon alleges, that RAM is an entity from which property is recoverable by the Trustee under 11 U.S.C. § 550, specifically because it received the Subject Transfers, which are avoidable preferential transfers under 11 U.S.C. § 547 for the reasons stated in this complaint.

    30.    RAM has not turned over funds or paid the Trustee for the avoidance of the Subject Transfers.

    31.    Pursuant to 11 U.S.C. § 502(d), RAM must first return the funds from the avoided Subject Transfers or pay the amount thereof to the Trustee before any distribution is to be made to RAM under the RAM Proof of Claim.

    32.    As a result, the Subject Proof of Claim should be disallowed in its entirety.

## THIRD CLAIM FOR RELIEF

**(TO OBJECT TO PROOF OF CLAIM)**

**(11 U.S.C. §§ 502(b))**

**(Against RAM Only)**

    33.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, of this complaint as though fully set forth herein.

    34.    RAM in the RAM Proof of Claim asserts that it is secured by assets of the Debtor (the "Alleged Lien"). However, the two documents attached to the RAM Proof of Claim appear to give it a lien on equity ownership interests of the Debtor held by the Debtor's shareholders only, but not the actual assets of the Debtor. Nor is a UCC-1 financing statement attached to or otherwise referenced in the RAM Proof of Claim, and the Trustee's UCC search located no such filed financing statement in favor of RAM.

    35.    Plaintiff is informed and believes, and based thereon alleges, that RAM has no lien against the Debtor's assets.

    36.    The RAM Proof of Claim should be disallowed as a secured claim.

///

///

## FOURTH CLAIM FOR RELIEF

## (FOR DECLARATORY RELIEF)

## (11 U.S.C. §§ 544(a))

## (Against RAM Only)

37. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36, inclusive, of this complaint as though fully set forth herein.

38. Under 11 U.S.C. § 544(a)(1) and (2), the Trustee has the rights and powers of, and may avoid any transfer of property avoidable under applicable law, by:

    a. a creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; and

    b. a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

39. Plaintiff is informed and believes, and based thereon alleges, that an actual controversy has arisen and now exists in that RAM in the RAM Proof of Claim asserts that it holds a lien against assets of the Estate, and Plaintiff disputes that RAM holds a lien against Estate assets.

40. The Trustee is entitled to a declaratory judgment that RAM does not hold a perfected lien against assets of the Estate, and that the Alleged Lien is avoided under 11 U.S.C. § 544(a). The Trustee is informed and believes, and based thereon alleges, that such a judicial declaration and determination is necessary and appropriate so that the parties may ascertain their respective rights and duties with respect to property of the Estate, the RAM Proof of Claim and the Alleged Lien claimed by RAM with respect to assets of the Estate.

41. Pursuant to 11 U.S.C. § 551, the Alleged Lien is preserved for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Ram and Richardson, jointly and severally (except as otherwise noted below), as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. That the Trustee avoid the Subject Transfers, and each of them; and

2. That the Trustee recover the Subject Transfers or the value thereof in the sum of not less than $283,333.32 from RAM and Richardson, jointly and severally.

**ON THE SECOND CLAIM FOR RELIEF:**

3. That the RAM Proof of Claim be disallowed in full unless and until the Subject Transfers are first paid back in full to and/or recovered by Plaintiff from RAM and/or Richardson pursuant to 11 U.S.C. § 502 (d).

**ON THE THIRD CLAIM FOR RELIEF:**

4. That the RAM Proof of Claim be disallowed as a secured claim and, to the extent allowed at all, only as a general, unsecured claim.

**ON THE FOURTH CLAIM FOR RELIEF:**

5. That the Alleged Lien be avoided under 11 U.S.C. § 544(a); and

6. That the Alleged Lien be preserved by the benefit of the Estate under 11 U.S.C. § 550.

**ON ALL CLAIMS FOR RELIEF:**

7. For recovery of Plaintiff's attorneys' fees and costs to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court, specifically in light of section 9 of the Revolving Line of Credit Agreement attached to the RAM Proof of Claim as noted in paragraphs 14 through 16 above; and

8. For such other and further relief as the Court deems just and proper.

DATED: July 28, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Eric P. Israel*
ERIC P. ISRAEL
Attorneys for Plaintiff Carolyn A. Dye, Chapter 7 Trustee